## In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION

### No. 1679.

Judicial Panel on Multidistrict Litigation.

April 20, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### *ORDER DENYING TRANSFER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of seven actions pending, respectively, in the Northern District of California, the District of Kansas, the Eastern District of

Michigan, the District of New Jersey, the Eastern District of New York, the Southern District of New York, and the Eastern District of Virginia as listed on the attached Schedule A.[1] Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by defendant Federal Express Ground Package System, Inc., for coordinated or consolidated pretrial proceedings of these actions in the Western District of Pennsylvania. Plaintiffs in all actions before the Panel and in the related action in the Western District of Washington oppose the motion. These plaintiffs suggest the Northern District of California, or in the alternative the Eastern District of New York, as an appropriate transferee forum in the event that the Panel orders transfer over their objections.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movant has failed to persuade us that any common questions of fact are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket in which some constituent actions have been pending for over two years. We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery, inconsistent pretrial rulings, or both. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407,

for centralization of the actions listed on Schedule A is denied.

## SCHEDULE A

*MDL–1679—In re FedEx Ground Package System, Inc., Employment Practices Litigation*

*Northern District of California*

*Dean Alexander, et al. v. FedEx Ground Package System, Inc., et al.,* C.A. No. 3:05–38

*District of Kansas*

*Carlene M. Craig, et al. v. FedEx Ground Package System, Inc.,* C.A. No. 5:03–4197

*Eastern District of Michigan*

*James Lester, et al. v. Federal Express Corp., et al.,* C.A. No. 1:04–10055

*District of New Jersey*

*Jessie Capers, et al. v. FedEx Ground, et al.,* C.A. No. 2:02–5352

*Eastern District of New York*

*Curtis Johnson, et al. v. FedEx Home Delivery, et al.,* C.A. No. 1:04–4935

*Southern District of New York*

*Larry Louzau, et al. v. FedEx Ground Package System, Inc.,* C.A. No. 1:04–9795

*Eastern District of Virginia*

*Bradley D. Gregory v. FedEx Corp., et al.,* C.A. No. 2:03–479

---

**1.** In addition, the parties have notified the Panel of two related actions pending, respectively, in the Western District of Texas and the Western District of Washington. Also, defendant's motion included an action in the Central District of California that has since been voluntarily dismissed.